**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3209-21

REGINALD JONES,

    Plaintiff-Appellant,

v.

TOWNSHIP OF IRVINGTON,

    Defendant-Respondent.

_____

> Submitted November 6, 2023 – Decided February 6, 2024
>
> Before Judges DeAlmeida and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5760-19.
>
> Sheffet and Dvorin, PC, attorneys for appellant (Ethan J. Sheffet, on the briefs).
>
> Lamb Kretzer, LLC, attorneys for respondent (George C. Roselle III, on the brief).

PER CURIAM

In this Title 59 action, plaintiff Reginald Jones appeals from the entry of summary judgment dismissing his complaint against defendant Township of

Irvington and the denial of his motion for reconsideration. Having reviewed the record and the applicable governing principles, we affirm.

## I.

We review a grant or denial of summary judgment de novo, "applying the same standard used by the trial court." Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Based on that standard, we are required to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

A-3209-21

In August 2017, plaintiff was injured when he attempted to cross in the middle of Isabella Avenue in Irvington. He stepped off the curb and into a hole in the street adjacent to the curb. Plaintiff's feet became "stuck" in the hole, causing him to fall and sustain injuries.

Two years later, plaintiff filed a two-count complaint against the Township, asserting negligence. The Township filed its answer asserting defenses, including immunity under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 12-3 (TCA). The parties engaged in discovery; depositions were not taken, and experts were not retained. Attached to plaintiff's interrogatory responses were eleven photographs of the "accident scene." The photographs depicted a hole, surrounded by vegetation growth, cracked, and filled with garbage and vegetation. Plaintiff claimed the hole measured approximately nineteen inches long, nineteen inches wide and sixteen inches deep.

Following the close of discovery, the Township moved for summary judgment, arguing plaintiff had failed to state a claim for public entity liability under N.J.S.A. 59:4-2 for injuries caused by a dangerous condition of property. Plaintiff filed opposition to the motion, asserting the Township had constructive notice of the "large sink hole."

A-3209-21

On March 18, 2022, after hearing argument, the motion judge issued an oral decision, memorialized in an order. The judge noted plaintiff's opposition was not procedurally compliant with Rule 4:46-2(b) because a certification or a counterstatement of material facts in dispute were not filed. Nevertheless, after considering the merits of plaintiff's opposition, the motion judge granted defendant's motion. The judge found plaintiff "failed to put forth any competent evidence, apart from mere speculation, and legal conclusion" that the hole was a dangerous condition. See Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009). Citing Polzo v. Cnty. of Essex, 209 N.J. 51, 75-76 (2012), the court reasoned that even if the hole in the street was a dangerous condition, plaintiff "failed to cite any evidence in the record to support his conclusion beyond simply" there was a hole in the street, the Township created the dangerous condition, or the Township had actual or constructive notice of the dangerous condition as required pursuant to N.J.S.A. 59:4-2.

Finally, the motion judge highlighted the only evidence in support of plaintiff's opposition were the photographs annexed to plaintiff's interrogatory responses. The judge noted the photographs reviewed were not "glossy color picture[s]," and were provided without a certification stating who took the picture and when they were taken.

Thereafter, plaintiff moved for reconsideration of the motion judge's March 18 order, arguing the motion judge "'overlooked the undisputed facts, the controlling decisions, case law and court rules . . . and erred in granting defendant's motion for summary judgment.'" Plaintiff specifically challenged the judge's analysis regarding the photographs submitted in support of the motion.

On May 16, 2022, the motion judge entered an order accompanied by a well-reasoned written opinion denying plaintiff's motion. The judge found "[t]here [was] no competent evidence in the record on the summary judgment motion or the motion for reconsideration that demonstrate [d]efendant had such knowledge prior to [p]laintiff's injury with a reasonable amount of time to fix the condition." The judge further found "[p]laintiff ha[d] provided no evidence or expert testimony that could lead any reasonable trier of fact . . . to determine that [d]efendant had actual or constructive knowledge of the hole." As to the photographs, the judge iterated "[t]he only evidence [p]laintiff . . . provide[d] [were] the photographs of the hole which were unauthenticated, and which [did] not accurately depict the measurement of the hole."

On appeal, plaintiff argues the trial judge abused his discretion in granting summary judgment by failing to apply the summary judgment standard and case

law, failed to consider the disputed facts in the light most favorable to plaintiff, and attacked the quality and admissibility of plaintiff's evidence.

The TCA "indisputably governs causes of action in tort against governmental agencies within New Jersey." Gomes v. Cnty. of Monmouth, 444 N.J. Super. 479, 487, (App. Div. 2016); see also N.J.S.A. 59:2-1(a); Nieves v. Off. of the Pub. Def., 241 N.J. 567, 571 (2020).

Under the TCA, a public entity has a duty of care different from "that . . . owed under the negligence standard." Polzo, 209 N.J. at 76; see also Ogborne v. Mercer Cemetery Corp., 197 N.J. 448, 460 (2009). When asserting a claim for injuries under the TCA, the plaintiff has the burden of satisfying each element of a cause of action under N.J.S.A. 59:4-2. Polzo, 209 N.J. at 66; see also Carroll v. N.J. Transit, 366 N.J. Super. 380, 386 (App. Div. 2004). A failure to present sufficient evidence establishing any element of a cause of action under N.J.S.A. 59:4-2 requires dismissal of the claim. Polzo, 209 N.J. at 66.

Only in limited circumstances are public entities liable in tort under the TCA for injuries caused by conditions of a property. Under N.J.S.A. 59:4-2, a public entity has tort liability for injuries caused by the entity's property only where plaintiff established: (1) the public entity's "property was in dangerous condition at the time of the injury"; (2) "the injury was proximately caused by

the dangerous condition"; (3) "the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred"; and (4) "a negligent or wrongful act or omission of [a public] employee . . . created the dangerous condition" or "a public entity had actual or constructive notice of the dangerous condition[.]" Stewart v. New Jersey Tpk. Auth./Garden State Parkway, 249 N.J. 642, 656 (2022) (citation omitted) (quoting N.J.S.A. 59:4-2). A public entity is not liable for a dangerous condition of its property "if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable." Vincitore v. N. J. Sports & Exposition Auth., 169 N.J. 119, 125 (2001).

Plaintiff argues the material facts are disputed. Plaintiff further argues "there was no evidence in the record to support any claim that the property was not hazardous, or that the Township did not have constructive notice of the condition." Plaintiff's arguments are belied by the record.

Liability will be found if "a public entity had actual or constructive notice of the dangerous condition under [N.J.S.A.] 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." N.J.S.A. 59:4-2(b). The public entity is

> deemed to have constructive notice of a dangerous condition . . . only if the plaintiff establishes that the

condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character.

[N.J.S.A. 59:4-3(b).]

We are satisfied the trial judge correctly determined plaintiff did not establish liability under the TCA because there was no evidence in the record that the Township caused the hole in the street. Moreover, as to actual or constructive notice of the "large sink hole," plaintiff provided no citation to the record that the Township had any notice. Plaintiff's citation to the Township Public Works website, coupled with the argument that notice was provided because the street sweepers were on Isabella Avenue twice a week is insufficient to show the Township had actual or constructive notice of the hole. In the absence of competent evidence, including admissible expert testimony and proofs showing any reports were made about the hole, plaintiff has not established the Township had actual notice thereof. Lastly, plaintiff did not put forth any evidence that the Township acted in a palpably unreasonable manner. We agree with the motion judge that plaintiff's claim is based on nothing more than "mere speculation."

We reject plaintiff's argument that the motion judge "attacked the quality and admissibility of the photographs." The trial judge noted the only evidence

relied upon by plaintiff were photographs annexed to his interrogatory response. The judge appropriately determined the photographs were insufficient competent evidence because there was no foundation for the photographs. There was no competent testimony concerning the measurements of the hole, who took the photographs, when they were taken, and if they were altered.

Having reviewed the record de novo and in the light most favorable to plaintiff, we find no cause to reverse the motion judge's findings and conclusion that plaintiff failed to meet his burden and establish the Township had or could have had actual or constructive notice of the hole in the middle of Isabella Avenue. Polzo, 209 N.J. at 67.

Therefore, we conclude plaintiff's claim fails as a matter of law because the summary judgment record is devoid of competent evidence defendant had constructive notice of the street's condition prior to plaintiff's fall. See N.J.S.A. 59:4-2(b).

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based

its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Id. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). We have reviewed the record and find no basis on which to reverse the trial court's order denying reconsideration. The court considered the arguments raised by plaintiff and adequately explained why reconsideration of its order granting summary judgment was not warranted.

To the extent we have not expressly addressed any of plaintiff's remaining arguments, we find they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3209-21